UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALICIA RHOME | CIVIL ACTION NO. 23-05923 |
| PLAINTIFF, | SECTION "A" |
| | JUDGE JAY C. ZAINEY |
| VERSUS | |
| | MAG. DIV. (4) |
| PROGRESSIVE SERVICES, INC., | MAGISTRATE JUDGE KAREN |
| TODD BRITTO, ABC INSURANCE | WELLS ROBY |
| COMPANIES, AND DOE DEFENDANTS | |
| 1-10 | |
| DEFENDANTS. | |

### DEFENDANT TODD BRITTO'S MEMORANDUM IN SUPPORT OF <u>MOTION FOR MORE DEFINITE STATEMENT</u>

**MAY IT PLEASE THE COURT:**

Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, Defendant, Todd Britto ("Defendant" or "Britto") files this Motion for a More Definite Statement of the claims set forth in the Complaint filed by Plaintiff, Alicia Rhome ("Plaintiff"), for the reasons set forth below in this memorandum of points and authorities. Defendant submits that the Court should grant his Motion for a More Definite Statement and require Plaintiff to amend her complaint to include allegations about the location of the alleged sexual assault, to remove reference to certain individuals as a "defendant" or "co-defendant" when Plaintiff has not named those persons as such, and to clearly delineate which claims she is asserting against which Defendants. Because of the lack of specificity in the Complaint and because of the confusing reference to individuals who have not been named as defendants, Britto cannot reasonably prepare a response to the Complaint. The Court should grant the instant Motion and order Plaintiff to provide a more definite statement of her claims.

## INTRODUCTION

This litigation arises out of alleged discrimination, harassment, and unequal pay Plaintiff claims she experienced while working for Defendant Progressive Services, Inc. d/b/a Progressive Roofing. Plaintiff claims she was subjected to unwanted sexual harassment by her coworker (and later supervisor), Defendant Todd Britto. With respect to Defendant Britto, Plaintiff appears to assert claims for assault and battery (Count Four) and a violation of Louisiana Civil Code article 2315.11 (Count Five), which permits an award of exemplary damages "upon proof that the injuries on which the action is based were caused by an act or acts of sexual assault in the workplace."[1] It is unclear whether Plaintiff also asserts claims against Britto for sexual harassment in violation of Louisiana's employment discrimination law (Count One), retaliation in violation of Louisiana's employment discrimination law (Count Two), or equal pay discrimination in violation of the equal pay act and Louisiana's employment discrimination law (Count Three). In her allegations with respect to Counts One through Three, Plaintiff primarily references a single "Defendant," indicating that she may be asserting these claims against Defendant Progressive *only*.[2] However, in Court II, Plaintiff references "Defendant's" actions at §140 but then references "Defendants' actions" in §141. Plaintiff's lack of specificity and her inconsistent allegations in the Complaint leave Defendant Britto to guess which claims she asserts against him individually.

Plaintiff's complaint is also devoid of allegations regarding the location or timing of Mr. Britto's alleged sexual assault. Aside from a broad allegation in Count Five of the Complaint that "Britto committed sexual assault in the workplace within the meaning of La. Civ. Code art.

---

[1] *See* R. Doc. 1 at ¶¶ 158-168.

[2] *See, e.g.,* R. Doc. 1 at ¶ 126 ("*Progressive* is liable for Plaintiff's harassment . . .") (emphasis added), *id.* at ¶ 127 ("As a result of *Defendant's* actions . . .") (emphasis added); *id.* at ¶ 140 ("As a result of *Defendant's* actions . . .") (emphasis added); *id.* at ¶ 151 ("*Defendant* has discriminated against Plaintiff . . .") (emphasis added); *id.* at ¶ 157 ("By reason of *Defendant's* discrimination . . . .") (emphasis added).

2415.11," Plaintiff does not include any allegations demonstrating when or where the alleged sexual assault occurred.[3] Plaintiff generally alleges that "Defendant Britto engaged in non-consensual offensive or harmful physical contact with Ms. Rhome" including "rubbing parts of his body against Ms. Rhome," but these statements do not indicate when or what such contact purportedly took place.[4] As such, Defendant Britto cannot adequately respond to Plaintiffs' allegations concerning Count Five, which relates to alleged sexual assault in the workplace.

Additionally, in the Complaint, Plaintiff references various individuals as a "Defendant" or "Co-defendant," but it appears that those persons have not actually been named as individual defendants in this action. For example, Plaintiff alleges that "harassing comments were made in front of Progressive supervisors including *co-Defendants* Ben Butler and Dewan Smith."[5] Plaintiff also alleges she "spoke to *Defendant* Andrew Rogers, a Progressive superintendent based out of the Phoenix headquarters."[6] Defendant Britto cannot adequately respond to these allegations because it is not clear whether those individuals have been named as defendants in this litigation.

Because of the vague and conclusory statements about the timing and location of the alleged sexual assault, because Plaintiff does not clearly identify the claims she asserts against Defendant Britto, and because Plaintiff inexplicably refers to individuals as "defendants" without apparently having specifically designated them as such, Defendant Britto cannot properly respond to the Complaint allegations. Defendant Britto therefore moves for a more definite statement under Rule 12(e).

### RULE 12(E) STANDARD

---

[3] *See* R. Doc. 1 at ¶ 165.

[4] *See* R. Doc. 1 at ¶¶ 61-62, 158-195.

[5] R. Doc. 1 at ¶ 58 (emphasis added).

[6] R. Doc. 1 at ¶ 79 (emphasis added).

Under Rule 12(e), a party may move for a more definite statement of "a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The court must assess the pleading under Rule 8 of the Federal Rules of Civil Procedure's notice pleading standard, which requires, in relevant part, "a short and plain statement of the claim showing that the pleader is entitled to relief."[7] To comply with this standard, a complaint need not plead specific facts but must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[8] Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."[9] A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."[10] Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."[11]  The present case admits of no exception.

## **ARGUMENT**

Defendant Britto's Rule 12(e) motion "is not a case in which defendants are trying [to] subvert the intent of the federal rule requiring only notice pleading, nor is [his] motion for a more definite statement merely a disguised attempt at discovery."[12] Instead, because of the vague, conclusory, and imprecise allegations in the Complaint, Defendant Britto cannot properly respond to Plaintiff's allegations. First, Defendant Britto cannot determine which claims Plaintiff asserts against him individually and thus cannot properly respond to the Complaint allegations. While it is clear that Plaintiff asserts Counts Four and Five against Defendant Britto individually, it is not

---

[7] Fed. R. Civ. P. 8(a)(2).

[8] *Twombly*, 550 U.S. at 555.

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

[10] *Id.*

[11] *Id.*

[12] *Sargent v. Riley*, 02-CV-1857, 2003 WL 30418, at *4 (E.D. La. Jan. 3, 2003).

clear whether Plaintiff also asserts Counts One, Two, and Three against Defendant Britto. Second, Defendant Britto cannot properly respond to Plaintiff's conclusory allegation that the alleged sexual assault took place in the workplace because Plaintiff does not include any allegations about the location and/or timing of the alleged sexual assault. Indeed, such allegations are conspicuous by their absence. Detail of the alleged sexual assault is central to Plaintiffs' claim against Britto in Count Five, which requires the alleged sexual assault to have occurred in the workplace. Finally, Defendant Britto cannot properly respond to Plaintiff's allegations regarding certain individuals who she identifies as either a "defendant" or "co-defendant" when those individuals apparently have not been named as individual defendants in this action. For these reasons, Defendant Britto cannot properly respond to Plaintiff's Complaint allegations, and the Court should order Plaintiff to provide a more definite statement of her claims.

## CONCLUSION

Because Defendant Britto cannot reasonably prepare a response to the allegations set forth in Plaintiff's Complaint, Plaintiff should be ordered to provide a more definite statement of her claims pursuant to Federal Rule of Civil Procedure 12(e). Defendant Britto respectfully requests that this Court require Plaintiff to amend her Complaint to restate her claims, if she is able, with the requisite particularity required by the Federal Rules and decisional authorities.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: _/s/ M. Nan Alessandra_
 M. NAN ALESSANDRA, T.A. (#16783)
 CLERC H. COOPER (#38170)
 365 Canal Street • Suite 2000

5

New Orleans, Louisiana 70130
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
nan.alessandra@phelps.com
clerc.cooper@phelps.com

**ATTORNEYS FOR DEFENDANT, TODD BRITTO**

6