# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

ALICIA RHOME

CIVIL ACTION NO. 23-05923

PLAINTIFF,

SECTION "A"
JUDGE JAY C. ZAINEY

VERSUS

PROGRESSIVE SERVICES, INC.,
TODD BRITTO,
ABC INSURANCE COMPANIES, AND
DOE DEFENDANTS 1-10

MAG. DIV. (4)
MAGISTRATE JUDGE KAREN
WELLS ROBY

DEFENDANTS.

## DEFENDANT TODD BRITTO'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT FIVE OF FIRST AMENDED COMPLAINT

**MAY IT PLEASE THE COURT:**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant, Todd Britto ("Defendant" or "Britto") files this Motion to Dismiss Count Five of Plaintiff's First Amended Complaint with respect to Mr. Britto individually. In Count Five of her Amended Complaint, Plaintiff Alicia Rhome ("Plaintiff"), asserts a claim against *all defendants* for Retaliation in Violation of the Louisiana Human Rights Act ("LHRA"), citing La. R.S. § 51:2231 *et seq.* and specifically, La. R.S. § 51:2256. More specifically, Plaintiff alleges that "Defendants Progressive, Britto, and others conspired to retaliate against Ms. Rhome by failing to conduct/participate in a proper investigation into the allegations and subsequently terminating her employment."[1] Plaintiff therefore specifically asserts a claim under the LHRA against all defendants, including Mr. Britto, who is named individually. However, there is no *individual* liability under the LHRA, such that Plaintiff cannot possibly state a claim against Mr. Britto for retaliation under the LHRA. The Court

---

[1] R. Doc. 20 at ¶ 170.

should grant the instant Motion to Dismiss Count Five of Plaintiff's First Amended Complaint against Mr. Britto individually.

## RULE 12(B)(6) STANDARD

A court reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim must accept factual allegations as true and disregard "conclusory allegations or legal conclusions masquerading as factual conclusions."[2] To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim [for] relief that is plausible on its face."[3] "Factual allegations must be enough to raise a right to relief above the speculative level."[4] Further, a complaint must "contain either direct allegations on every material point necessary to sustain a recovery" "or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[5] "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief."[6] "The court is not required to 'conjure up unpled allegations or construe elaborately arcane scripts to' save a complaint."[7] A plaintiff must "plead specific facts, not mere conclusory allegations" to avoid dismissal for failure to state a claim.[8] Applying these legal standards to the allegations in the First Amended Complaint, dismissal under Rule 12(b)(6) is appropriate with respect to Count Five as asserted against Mr. Britto individually.

---

[2] *See, e.g., Abrams Shell v. Shell Oil Co.,* 343 F.3d 482, 486 (5th Cir. 2003); *Fernandez-Montes v. Allied Pilots Assn,* 987 F.2d 278, 284 (5th Cir. 1993).

[3] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007).

[4] *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

[5] *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citations omitted).

[6] *Id.*

[7] *Id.* (citations omitted).

[8] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

PD.44969486.1

## ARGUMENT

The LHRA prohibits "employers" from conspiring to "retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by [Louisiana human rights or discrimination laws]."[9] According to the statute, an "employer" is defined as a "person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee."[10] Ms. Rhome specifically alleges that her "employer" was Defendant Progressive Services, Inc.[11] She does not allege that Mr. Britto was her employer, nor does she allege facts from which the Court could infer that Mr. Britto was her employer. Instead, Ms. Rhome alleges that both she and Mr. Britto were employed by Defendant Progressive Services, Inc. out of its New Orleans office.[12] Because Mr. Britto was not Plaintiff's employer, as that term is defined under the LHRA, Plaintiff cannot properly assert Count Five of the First Amended Complaint against Mr. Britto individually. The Court should dismiss Count Five of the First Amended Complaint against Mr. Britto as a matter of law.

Many federal courts have concluded that there is no individual liability under the LHRA, even for allegations of conspiracy. The Middle District of Louisiana supported this conclusion just last year, finding that individual employees could not be liable for retaliation or other forms of protected discrimination under Louisiana state law because the individuals "are employees and not employers."[13] In *Anderson v. Guste Homes Resident Management Corp.*, another section of this

---

[9] La. R.S. § 51:2256.

[10] La. R.S. § 23:302(2).

[11] R. Doc. 20 at ¶ 1.

[12] R. Doc. 20 at ¶ 15.

[13] *Horton v. ADM*, No. 22-668-SDD-SDJ, 2023 WL 5663226, at *6 (M.D. La. July 21, 2023), *report and recommendation approved*, No. CV 22-668-SDD-SDJ, 2023 WL 5663220 (M.D. La. Aug. 31, 2023).

3

court found that individual defendants "are not liable under the Louisiana Human Rights Act, LSA-R.S. 51:2231 *et seq.*"[14] Likewise, in *Hollister v. Gallagher* a court in the Eastern District of Louisiana dismissed claims under § 51:2256 against individual defendants.[15] Further, in *Johnson v. Integrated Health Services, Inc.*, the court noted that individual liability is not cognizable under the Louisiana Human Rights Act.[16] It is without question that Plaintiff's LHRA claim against Mr. Britto, asserted in Count Five of the First Amended Complaint, is not plausible on its face because Mr. Britto was not Plaintiff's employer, not does Plaintiff allege he was her employer. As such, Plaintiff Alicia Rhome's LHRA claim against Mr. Britto individually related to alleged retaliation in violation of the LHRA must be dismissed with prejudice.

## CONCLUSION

Because Defendant Britto was not Plaintiff's employer, and because there is no individual liability under the LHRA, the Court should dismiss Count Five of Plaintiff's First Amended Complaint, which asserts a claim for Retaliation in Violation of the Louisiana Human Rights Act, citing La. R.S. § 51:2231 *et seq.* and specifically, La. R.S. § 51:2256, against Mr. Britto. Defendant Britto respectfully requests that this Court grant his Motion to Dismiss Count Five and dismiss Count Five of Plaintiff's First Amended Complaint with prejudice with respect to him individually.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:     */s/ M. Nan Alessandra*
          M. NAN ALESSANDRA, T.A. (#16783)
          CLERC H. COOPER (#38170)
          365 Canal Street • Suite 2000

---

[14] No. 02-1626, 2004 WL 224567, at *1 (E.D. La. Feb. 4, 2004); *see also Miller v. Blanchard*, No. 02-2347, 2002 WL 31819122, at *2 (E.D. La. Dec. 12, 2002) (finding individual cannot be liable under the Louisiana Human Rights Act or La. R.S. § 51:2256).

[15] No. 03-0578, 2004 WL 224547, at *1 (E.D. La. Feb. 4, 2004).

[16] No. 01-2075, 2002 WL 31246762, at *2 (E.D. La. Oct. 2, 2002).

4

New Orleans, Louisiana 70130
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
nan.alessandra@phelps.com
clerc.cooper@phelps.com

**ATTORNEYS FOR DEFENDANT, TODD
BRITTO**

5