**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ALICIA RHOME,** | **DOCKET NO. 2:23-CV-05923-JCZ-KWR** |
| **Plaintiff** | |
| **v.** | **JUDGE JAY C. ZAINEY** |
| **PROGRESSIVE SERVICES INC., TODD BRITTO, ABC INSURANCE COMPANIES, AND DOE DEFENDANTS 1-10,** | **MAGISTRATE KAREN WELLS ROBY** |
| **Defendants.** | |

**DEFENDANT PROGRESSIVE SERVICES, INC.'S
ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW the defendant, Progressive Services Inc. ("Defendant" or "Progressive"), by and through its attorneys of record, and submits the following Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

**INTRODUCTION**

-1-

Defendant admits Alicia Rhome brings this action and denies all other allegations in Paragraph 1 of the Amended Complaint.

-2-

Defendant denies the allegations in Paragraph 2 of the Amended Complaint.

-3-

Defendant denies the allegations in Paragraph 3 of the Amended Complaint.

-4-

Defendant denies the allegations in Paragraph 4 of the Amended Complaint.

-5-

Defendant denies the allegations in Paragraph 5 of the Amended Complaint.

-6-

Defendant denies the allegations in Paragraph 6 of the Amended Complaint.

-7-

Defendant denies the allegations in Paragraph 7 of the Amended Complaint.

-8-

Defendant denies the allegations in Paragraph 8 of the Amended Complaint.

-9-

Defendant denies the allegations in Paragraph 9 of the Amended Complaint.

-10-

Defendant admits that Plaintiff was terminated on January 11, 2023, due to the impending closing of Defendant's New Orleans branch office. Defendant denies any other allegations contained in Paragraph 10 of the Amended Complaint and denies any act, error, or omission that would impose liability on Defendant.

-11-

Defendant denies the allegations in Paragraph 11 of the Amended Complaint.

-12-

Defendant admits Plaintiff brings this action but denies any violation of any federal or state law on the part of Defendant in relation to Plaintiff and denies that Plaintiff has any valid claims against Defendant, and Defendant denies all remaining allegations in Paragraph 12 of the Amended Complaint.

# I.  PARTIES

*Plaintiff*

-13-

Defendant admits Plaintiff is a person of full age of majority and denies the remaining allegations in Paragraph 13 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

*Defendants*

-14-

Defendant admits the allegations in Paragraph 14 of the Amended Complaint.

-15-

Defendant admits that Todd Britto is a person of full age of majority and admits that he is and has been employed by Defendant. Defendant denies the remaining allegations of Paragraph 15 of the Amended Complaint.

-16-

Defendant denies the allegations in Paragraph 16 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-17-

Defendant denies the allegations in Paragraph 17 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

# II.  VENUE AND JURISDICTION

-18-

Defendant admits that venue is proper in this Court but denies any act, error, or omission that would impose liability on Defendant and denies all remaining allegations in Paragraph 18 of

the Amended Complaint.

-19-

Defendant admits Defendant is subject to the jurisdiction of this Court but denies any act, error, or omission that would impose liability on Defendant, and denies all remaining allegations in Paragraph 19 of the Amended Complaint.

-20-

Defendant admits Plaintiff purports to bring claims pursuant to the laws of the United States and that the court has subject matter jurisdiction over those claims. Defendant admits this Court has supplemental jurisdiction over Plaintiff's state law claims. Defendant denies Plaintiff has any valid claim against Defendant, and denies all remaining allegations in Paragraph 20 of the Amended Complaint.

-21-

Defendant admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission regarding the allegations herein on April 12, 2023, and that the EEOC issued a Notice of Right to Sue letter on January 17, 2024, but denies that any and/or all of her claims before the EEOC were timely filed for lack of sufficient information to support a belief therein. Defendant denies any act, error, or omission that would impose liability on Defendant.

-22-

The allegations in Paragraph 22 of the Amended Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any act, error, or omission that would impose liability on Defendant.

## III.    FACTUAL ALLEGATIONS

-23-

Defendant incorporates by reference all other responses in the Answer as if fully set forth herein.

-24-

Defendant denies the allegations in Paragraph 24 of the Amended Complaint.

-25-

Defendant denies the allegations in Paragraph 25 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-26-

Defendant denies the allegations in Paragraph 26 of the Amended Complaint.

-27-

Defendant denies the allegations in Paragraph 27 of the Amended Complaint.

-28-

The allegations contained in Paragraph 28 of the Amended Complaint refer to and rely upon a written document, the contents of which speak for itself.  Further, Defendant denies that Exhibit B to the Amended Complaint is a true and accurate copy of a sworn statement of Stanley Waterhouse for lack of sufficient information or knowledge to justify a belief therein. Defendant further denies the truth and accuracy of the statements contained therein and the allegations of Paragraph 28 of the Amended Complaint.

-29-

Defendant admits Plaintiff received an employee handbook but denies the remaining allegations in Paragraph 29 of the Amended Complaint.

-30-

The allegations contained in Paragraph 30 of the Amended Complaint refer to and rely upon a written document, the contents of which speak for itself. Further, Defendant denies that Exhibit A to the Amended Complaint is a true and accurate copy of a sworn statement of Wallace Washington for lack of sufficient information or knowledge to justify a belief therein. Defendant further denies the truth and accuracy of the statements contained therein and the allegations of Paragraph 30 of the Amended Complaint.

-31-

The allegations contained in Paragraph 31 of the Amended Complaint refer to and rely upon a written document, the contents of which speak for itself. Further, Defendant denies that Exhibit B to the Amended Complaint is a true and accurate copy of a sworn statement of Stanley Waterhouse for lack of sufficient information or knowledge to justify a belief therein. Defendant further denies the truth and accuracy of the statements contained therein and the allegations of Paragraph 31 of the Amended Complaint.

*Sexual Harassment*

-32-

Defendant denies the allegations in Paragraph 32 of the Amended Complaint in so far as they relate to Defendant.

-33-

Defendant denies the allegations in Paragraph 33 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-34-

Defendant denies the allegations in Paragraph 34 of the Amended Complaint for lack of sufficient information or knowledge to support a belief therein.

-35-

Defendant denies the allegations in Paragraph 35 of the Amended Complaint.

-36-

Defendant denies the allegations in Paragraph 36 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-37-

Defendant denies the allegations in Paragraph 37 of the Amended Complaint.

-38-

Defendant denies the allegations in Paragraph 38 of the Amended Complaint.

-39-

The allegations contained in Paragraph 39 of the Amended Complaint refer to and rely upon a written document, the contents of which speak for itself. Further, Defendant denies that Exhibit A to the Amended Complaint is a true and accurate copy of a sworn statement of Wallace Washington for lack of sufficient information or knowledge to justify a belief therein. Defendant further denies the truth and accuracy of the statements contained therein and the allegations contained in Paragraph 39 of the Amended Complaint.

-40-

The allegations contained in Paragraph 40 of the Amended Complaint refer to and rely upon a written document, the contents of which speak for itself. Further, Defendant denies that Exhibit A to the Amended Complaint is a true and accurate copy of a sworn statement of Wallace Washington for lack of sufficient information or knowledge to justify a belief therein. Defendant further denies the truth and accuracy of the statements contained therein and the allegations contained in Paragraph 41.

-41-

The allegations contained in Paragraph 41 of the Amended Complaint refer to and rely upon a written document, the contents of which speak for itself. Further, Defendant denies that Exhibit B to the Amended Complaint is a true and accurate copy of a sworn statement of Stanley Waterhouse for lack of sufficient information or knowledge to justify a belief therein.  Defendant further denies the truth and accuracy of the statements contained therein and the allegations contained in Paragraph 41.

-42-

The allegations contained in Paragraph 42 of the Amended Complaint refer to and rely upon a written document, the contents of which speak for itself. Further, Defendant denies that Exhibit B to the Amended Complaint is a true and accurate copy of a sworn statement of Stanley Waterhouse for lack of sufficient information or knowledge to justify a belief therein.  Defendant further denies the truth and accuracy of the statements contained therein and the allegations contained in Paragraph 42.

-43-

The allegations contained in Paragraph 43 of the Amended Complaint refer to and rely upon a written document, the contents of which speak for itself. Further, Defendant denies that Exhibit B to the Amended Complaint is a true and accurate copy of a sworn statement of Stanley Waterhouse for lack of sufficient information or knowledge to justify a belief therein. Defendant further denies the truth and accuracy of the statements contained therein and the allegations contained in Paragraph 43.

-44-

Defendant denies the allegations in Paragraph 44 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-45-

Defendant admits Plaintiff and her coworkers' jobs required climbing ladders. Defendant denies the remaining allegations in Paragraph 45 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-46-

Defendant denies the allegations in Paragraph 46 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-47-

Defendant denies the allegations in Paragraph 47 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-48-

Defendant denies the allegations in Paragraph 48 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-49-

Defendant denies the allegations in Paragraph 49 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-50-

Defendant denies the allegations in Paragraph 50 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-51-

Defendant denies the allegations in Paragraph 51 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-52-

Defendant denies the allegations in Paragraph 52 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-53-

Defendant denies the allegations in Paragraph 53 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-54-

Defendant denies the allegations in Paragraph 54 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-55-

Defendant denies the allegations in Paragraph 55 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-56-

The allegations contained in Paragraph 56 of the Amended Complaint refer to and rely upon a written document, the contents of which speak for itself. Further, Defendant denies that Exhibit A to the Amended Complaint is a true and accurate copy of a sworn statement of Wallace Washington for lack of sufficient information or knowledge to justify a belief therein. Defendant further denies the truth and accuracy of the statements contained therein and the allegations contained in this Paragraph of the Amended Complaint.

-57-

The allegations contained in Paragraph 57 of the Amended Complaint refer to and rely upon a written document, the contents of which speak for itself. Further, Defendant denies that Exhibit A to the Amended Complaint is a true and accurate copy of a sworn statement of Wallace Washington for lack of sufficient information or knowledge to justify a belief therein. Defendant further denies the truth and accuracy of the statements contained therein and the allegations contained in this Paragraph of the Amended Complaint.

-58-

Defendant denies the allegations in Paragraph 58 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-59-

Defendant denies the allegations in Paragraph 59 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-60-

Defendant denies the allegations in Paragraph 60 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-61-

Defendant denies the allegations in Paragraph 61 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-62-

Defendant denies the allegations in Paragraph 62 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-63-

Defendant denies the allegations in Paragraph 63 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-64-

Defendant denies the allegations in Paragraph 64 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-65-

Defendant denies the allegations in Paragraph 65 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-66-

Defendant denies the allegations in Paragraph 66 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-67-

Defendant denies the allegations in Paragraph 67 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-68-

Defendant denies the allegations in Paragraph 68 of the Amended Complaint.

-69-

Defendant denies the allegations in Paragraph 69 of the Amended Complaint.

-70-

Defendant denies the allegations in Paragraph 70 of the Amended Complaint.

-71-

Defendant denies the allegations in Paragraph 71 of the Amended Complaint.

-72-

Defendant denies the allegations in Paragraph 72 of the Amended Complaint.

-73-

Defendant denies the allegations in Paragraph 73 of the Amended Complaint.

-74-

Defendant denies the allegations in Paragraph 74 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-75-

Defendant denies the allegations in Paragraph 75 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-76-

The allegations contained in Paragraph 76 of the Amended Complaint refer to and rely upon a written document, the contents of which speak for itself. Further, Defendant denies that Exhibit A to the Amended Complaint is a true and accurate copy of a sworn statement of Wallace Washington for lack of sufficient information or knowledge to justify a belief therein. Defendant further denies the truth and accuracy of the statements contained therein and the allegations contained in Paragraph 76 of the Amended Complaint.

-77-

Defendant denies the allegations in Paragraph 77 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-78-

Defendant denies the allegations in Paragraph 78 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-79-

Defendant denies the allegations in Paragraph 79 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-80-

Defendant admits that Plaintiff made a report but denies the remaining allegations in Paragraph 80 of the Amended Complaint.

-81-

Defendant admits that Plaintiff spoke with Andrew Rogers and that Ms. Rhome was placed on paid leave while her complaint was investigated. Defendant denies any act, error, or omission that would give rise to liability by Defendant, and denies all remaining allegations in Paragraph 81 of the Amended Complaint.

-82-

Defendant denies the allegations in Paragraph 82 of the Amended Complaint.

-83-

Defendant denies the allegations in Paragraph 83 of the Amended Complaint.

-84-

Defendant denies the allegations in Paragraph 84 of the Amended Complaint.

-85-

Defendant denies the allegations in Paragraph 85 of the Amended Complaint.

-86-

Defendant denies the allegations in Paragraph 86 of the Amended Complaint.

-87-

Defendant denies the allegations in Paragraph 87 of the Amended Complaint.

-88-

Defendant denies the allegations in Paragraph 88 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-89-

Defendant denies the allegations in Paragraph 89 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-90-

Defendant denies the allegations in Paragraph 90 of the Amended Complaint.

-91-

Defendant denies the allegations in Paragraph 91 of the Amended Complaint.

-92-

Defendant denies the allegations in Paragraph 92 of the Amended Complaint.

-93-

Defendant admits that Defendant was and did shut down its New Orleans location, and Plaintiff's termination occurred as part of the closure. Defendant denies the remaining allegations of Paragraph 93 of the Amended Complaint.

-94-

Defendant denies the allegations in Paragraph 94 of the Amended Complaint.

-95-

The allegations contained in Paragraph 95 of the Amended Complaint refer to and rely upon a written document, the contents of which speak for itself. Further, Defendant denies that Exhibit B to the Amended Complaint is a true and accurate copy of a sworn statement of Stanley Waterhouse for lack of sufficient information or knowledge to justify a belief therein. Defendant further denies the truth and accuracy of the statements contained therein and the allegations contained in Paragraph 95 of the Amended Complaint.

-96-

Defendant admits that it offered relocation opportunities to some employees but emphasizes that it was a very small number of employees. Defendant admits that Ms. Rhome was not offered a relocation opportunity. Defendant denies the remaining allegations of Paragraph 96 of the Amended Complaint for lack of sufficient information or knowledge to justify a belief therein.

-97-

Defendant denies the allegations in Paragraph 97 of the Amended Complaint.

-98-

Defendant denies the allegations in Paragraph 98 of the Amended Complaint.

-99-

Defendant denies the allegations in Paragraph 99 of the Amended Complaint.

-100-

Defendant denies the allegations in Paragraph 100 of the Amended Complaint.

*Equal Pay Discrimination*

-101-

Defendant denies the allegations in Paragraph 101 of the Amended Complaint.

-102-

Defendant denies the allegations in Paragraph 102 of the Amended Complaint.

-103-

The allegations contained in Paragraph 103 of the Amended Complaint refer to and rely upon a written document, the contents of which speak for itself. Further, Defendant denies that Exhibit B to the Amended Complaint is a true and accurate copy of a sworn statement of Stanley Waterhouse for lack of sufficient information or knowledge to justify a belief therein. Defendant further denies the truth and accuracy of the statements contained therein and the allegations contained in Paragraph 103 of the Amended Complaint.

-104-

Defendant denies the allegations in Paragraph 104 of the Amended Complaint as written.

-105-

Defendant denies the allegations in Paragraph 105 of the Amended Complaint.

-106-

Defendant denies Plaintiff's pay rate was in any way related to or based on her gender. The remaining allegations contained in Paragraph 106 of the Amended Complaint refer to and rely upon a written document, the contents of which speak for itself. Further, Defendant denies that Exhibit B to the Amended Complaint is a true and accurate copy of a sworn statement of Stanley Waterhouse for lack of sufficient information or knowledge to justify a belief therein. Defendant

further denies the truth and accuracy of the statements contained therein and the allegations contained in Paragraph 106 of the Amended Complaint.

-107-

Defendant denies the allegations in Paragraph 107 of the Amended Complaint.

-108-

The allegations contained in Paragraph 108 of the Amended Complaint refer to and rely upon a written document, the contents of which speak for itself. Further, Defendant denies that Exhibit B to the Amended Complaint is a true and accurate copy of a sworn statement of Stanley Waterhouse for lack of sufficient information or knowledge to justify a belief therein. Defendant further denies the truth and accuracy of the statements contained therein and the allegations contained in Paragraph 108 of the Amended Complaint.

-109-

Defendant denies the allegations in Paragraph 109 of the Amended Complaint.

-110-

Defendant denies the allegations in Paragraph 110 of the Amended Complaint.

-111-

The allegations contained in Paragraph 111 of the Amended Complaint refer to and rely upon a written document, the contents of which speak for itself. Further, Defendant denies that Exhibit B to the Amended Complaint is a true and accurate copy of a sworn statement of Stanley Waterhouse for lack of sufficient information or knowledge to justify a belief therein. Defendant further denies the truth and accuracy of the statements contained therein and the allegations contained in Paragraph 111 of the Amended Complaint.

-112-

Defendant denies the allegations in Paragraph 112 of the Amended Complaint.

-113-

Defendant denies the allegations in Paragraph 113 of the Amended Complaint.

-114-

Defendant denies the allegations in Paragraph 114 of the Amended Complaint.

## IV.    CLAIMS FOR RELIEF

**Count One – Sexual Harassment in Violation of Title VII and the Civil Rights Act of 1964**

-115-

Defendant incorporates by reference each and every response set out in the foregoing paragraphs.

-116-

The allegations in Paragraph 116 of the Amended Complaint call for a legal conclusion to which no response is required. However, Defendant denies any violation of the cited statute.

-117-

The allegations in Paragraph 117 of the Amended Complaint call for a legal conclusion to which no response is required.  However, Defendant denies any violation of the cited statute.

-118-

The allegations in Paragraph 118 of the Amended Complaint call for a legal conclusion to which no response is required.  However, Defendant denies any violation of the cited statute.

-119-

Defendant admits Ms. Rhome belongs to a protective class (female) but denies the remaining allegations in Paragraph 119 of the Amended Complaint for lack of lack of sufficient information to support a belief therein.

-120-

Defendant denies the allegations in Paragraph 120 of the Amended Complaint.

-121-

The allegations in Paragraph 121 are not directed at Defendant and do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 121.

-122-

Defendant denies the allegations in Paragraph 122 of the Amended Complaint.

-123-

Defendant denies the allegations in Paragraph 123 of the Amended Complaint.

-124-

Defendant denies the allegations in Paragraph 124 of the Amended Complaint.

-125-

Defendant denies the allegations in Paragraph 125 of the Amended Complaint.

-126-

Defendant denies the allegations in Paragraph 126 of the Amended Complaint.

-127-

Defendant denies the allegations in Paragraph 127 of the Amended Complaint.

-128-

Defendant denies the allegations in Paragraph 128 of the Amended Complaint.

-129-

Defendant denies the allegations in Paragraph 129 of the Amended Complaint.

-130-

Defendant denies the allegations in Paragraph 130 of the Amended Complaint.

-131-

Defendant denies the allegations in Paragraph 131 of the Amended Complaint.

-132-

Defendant denies the allegations in Paragraph 132 of the Amended Complaint.

-133-

Defendant denies the allegations in Paragraph 133 of the Amended Complaint.

-134-

The allegations in Paragraph 134 of the Amended Complaint call for a legal conclusion to which no response is required.  Defendant denies any violations of state or federal law.

-135-

The allegations in Paragraph 135 of the Amended Complaint call for a legal conclusion to which no response is required.  However, Defendant denies any violation of Title VII.

**Count Two – Retaliation in Violation of Title VII of the Civil Rights Act**

*Asserted Against Defendants Defendant and ABC Insurance Companies only*

-136-

Defendant incorporates by reference each and every response set out in the foregoing paragraphs.

-137-

The allegations in Paragraph 137 of the Amended Complaint call for a legal conclusion to which no response is required. However, Defendant denies any violation of Title VII.

-138-

The allegations in Paragraph 138 of the Amended Complaint call for a legal conclusion to which no response is required. However, Defendant denies any violation of Title VII.

-139-

Defendant denies the allegations of Paragraph 139 of the Amended Complaint.

-140-

Defendant denies the allegations in Paragraph 140 of the Amended Complaint.

-141-

Defendant denies the allegations in Paragraph 141 of the Amended Complaint.

-142-

Defendant denies the allegations in Paragraph 142 of the Amended Complaint.

-143-

Defendant denies the allegations in Paragraph 143 of the Amended Complaint.

-144-

Defendant denies the allegations in Paragraph 144 of the Amended Complaint.

-145-

Defendant denies the allegations in Paragraph 145 of the Amended Complaint.

-146-

Defendant denies the allegations in Paragraph 146 of the Amended Complaint.

-147-

Defendant denies the allegations in Paragraph 147 of the Amended Complaint.

-148-

Defendant denies the allegations in Paragraph 148 of the Amended Complaint.

-149-

Defendant denies the allegations in Paragraph 149 of the Amended Complaint.

-150-

The allegations in Paragraph 150 of the Amended Complaint are not directed towards Defendant and thus, no response is required. However, Defendant denies any violation of Title VII.

**Count Three – Sexual Harassment in Violation of Louisiana's Employment Discrimination Law (La. R.S. 23:301,** *et seq***)**

-151-

Defendant incorporates by reference each and every response set out in the foregoing paragraphs.

-152-

The allegations in Paragraph 152 of the Amended Complaint call for a legal conclusion to which no response is required. However, Defendant denies any violation of the cited statute.

-153-

The allegations in Paragraph 153 of the Amended Complaint call for a legal conclusion to which no response is required. However, Defendant denies any violation of state and/or federal law.

-154-

The allegations in Paragraph 154 of the Amended Complaint call for a legal conclusion to which no response is required. However, Defendant denies any violation of state and/or federal law.

-155-

Defendant admits Plaintiff purports to bring a claim for sexual harassment under the cited statute, but denies Plaintiff has any valid claim. Defendant further denies any illegal acts or omissions under La. R.S. 23:301, et seq. or any other state or federal statute and denies all remaining allegation contained in Paragraph 155 of Plaintiff's Amended Complaint.

-156-

The allegations in Paragraph 156 of the Amended Complaint call for a legal conclusion to which no response is required.  However, Defendant denies any violation of La. R.S. 23:301, et seq. or any other state or federal statute.

-157-

The allegations in Paragraph 157 of the Amended Complaint call for a legal conclusion to which no response is required.  However, Defendant denies any violation of La. R.S. 23:301, et seq. or any other state or federal statute.

-158-

The allegations in Paragraph 158 of the Amended Complaint call for a legal conclusion to which no response is required.  However, Defendant denies any violation of La. R.S. 23:301, et seq. or any other state or federal statute.

-159-

Defendant denies the allegations in Paragraph 159 of the Amended Complaint.

-160-

Defendant denies the allegations in Paragraph 160 of the Amended Complaint.

-161-

The allegations in Paragraph 161 of the Amended Complaint are not directed towards Defendant and thus, no response is required. However, Defendant denies any violation of the Louisiana Employment Discrimination Law.

**Count Four – Retaliation in Violation of Louisiana's Employment Discrimination Law (La. R.S. 23:301, *et seq*)**

*Asserted against Defendants Defendant and ABC Insurance Companies only*

-162-

Defendant incorporates by reference each and every response set out in the foregoing paragraphs.

-163-

The allegations in Paragraph 163 of the Amended Complaint call for a legal conclusion to which no response is required. However, Defendant denies any violation of the cited statute.

-164-

Defendant denies the allegations of Paragraph 164 of the Amended Complaint.

-165-

The allegations in Paragraph 165 of the Amended Complaint are not directed towards Defendant and thus, no response is required. However, Defendant denies any violation of the Louisiana Employment Discrimination Law.

**Count Five – Retaliation in Violation of the Louisiana Human Rights Act**
**(La. R.S. § 51-2231)**

-166-

Defendant incorporates by reference each and every response set out in the foregoing paragraphs.

-167-

The allegations in Paragraph 167 of the Amended Complaint call for a legal conclusion to which no response is required.  However, Defendant denies any violation of the cited statute.

-168-

The allegations in Paragraph 168 of the Amended Complaint call for a legal conclusion to which no response is required.  However, Defendant denies any violation of the cited statute.

-169-

Defendant denies the allegations in Paragraph 169 of the Amended Complaint.

-170-

Defendant denies the allegations in Paragraph 170 of the Amended Complaint.

-171-

Defendant denies the allegations in Paragraph 171 of the Amended Complaint.

-172-

The allegations in Paragraph 172 of the Amended Complaint are not directed towards Defendant and thus, no response is required. However, Defendant denies any violation of the Louisiana Human Rights Act.

**Count Six – Equal Pay Discrimination in Violation of the Equal Pay Act (EPA)**

*Asserted against Defendants Progressive Services Inc. and ABC Insurance Companies only*

-173-

Defendant incorporates by reference each and every response set out in the foregoing paragraphs.

-174-

The allegations in Paragraph 174 of the Amended Complaint call for a legal conclusion to which no response is required.  However, Defendant denies any violation of the cited statute.

-175-

The allegations in Paragraph 175 of the Amended Complaint call for a legal conclusion to which no response is required.  However, Defendant denies any violation of the cited statute.

-176-

Defendant denies the allegations in Paragraph 176 of the Amended Complaint.

-177-

Defendant denies the allegations in Paragraph 177 of the Amended Complaint.

-178-

Defendant denies the allegations in Paragraph 178 of the Amended Complaint.

-179-

Defendant denies the allegations in Paragraph 179 of the Amended Complaint.

-180-

Defendant denies the allegations in Paragraph 180 of the Amended Complaint.

-181-

Defendant denies the allegations in Paragraph 181 of the Amended Complaint.

-182-

Defendant denies the allegations in Paragraph 182 and its subparts of the Amended Complaint.

-183-

Defendant denies the allegations in Paragraph 183 of the Amended Complaint.

-184-

Defendant denies the allegations in Paragraph 184 of the Amended Complaint.

-185-

Defendant denies the allegations in Paragraph 185 of the Amended Complaint.

-186-

Defendant denies the allegations in Paragraph 186 of the Amended Complaint.

-187-

Defendant denies the allegations in Paragraph 187 of the Amended Complaint.

-188-

The allegations in Paragraph 188 of the Amended Complaint are not directed towards Defendant and thus, no response is required. However, Defendant denies any violation of the Equal Pay Act.

### Count Seven – Equal Pay Discrimination in Violation of Louisiana's Employment Discrimination Law (La. R. S. 23:301, *et seq*)

*Asserted against Defendants Progressive Services Inc. and ABC Insurance Companies only*

-189-

Defendant incorporates by reference each and every response set out in the foregoing paragraphs.

28

-190-

The allegations in Paragraph 190 of the Amended Complaint call for a legal conclusion to which no response is required.  However, Defendant denies any violation of the cited statute.

-191-

Defendant denies the allegations in Paragraph 191 of the Amended Complaint.

-192-

The allegations in Paragraph 192 of the Amended Complaint are not directed towards Defendant and thus, no response is required. However, Defendant denies any violation of the Louisiana Employment Discrimination Law.

**Count Eight – Assault and Battery**

*Asserted against Defendants Todd Britto and ABC Insurance Companies only*

-193-

The allegations in Paragraph 109 of the Amended Complaint are not directed at Defendant and do not require a response. To the extent a response is required, Defendant denies the allegations contained therein.

-194-

The allegations in Paragraph 194 of the Amended Complaint are not directed at Defendant and do not require a response. To the extent a response is required, Defendant denies the allegations contained therein.

-195-

The allegations in Paragraph 195 of the Amended Complaint are not directed at Defendant and do not require a response. To the extent a response is required, Defendant denies the allegations contained therein.

-196-

The allegations in Paragraph 196 of the Amended Complaint are not directed at Defendant and do not require a response. To the extent a response is required, Defendant denies the allegations contained therein.

-197-

The allegations in Paragraph 197 of the Amended Complaint are not directed at Defendant and do not require a response. To the extent a response is required, Defendant denies the allegations contained therein.

-198-

The allegations in Paragraph 198 of the Amended Complaint are not directed at Defendant and do not require a response. To the extent a response is required, Defendant denies the allegations contained therein.

**Count Nine – Violations of La. Civ. Code art. 2315.11**

*Asserted against All Defendants*

-199-

Defendant incorporates by reference each and every response set out in the foregoing paragraphs.

-200-

The allegations in Paragraph 200 of the Amended Complaint call for a legal conclusion to which no response is required.  However, Defendant denies the categorization of co-defendant Britto as a "harasser" and further any violation of the cited code article.

-201-

Defendant denies the allegations in Paragraph 201 of the Amended Complaint.

-202-

The allegations in Paragraph 202 of the Amended Complaint call for a legal conclusion to which no response is required. However, Defendant denies any violation of the code article.

-203-

Defendant denies the allegations in Paragraph 203 of the Amended Complaint.

-204-

Defendant denies the allegations in Paragraph 204 of the Amended Complaint.

**Count Nine – State Law Direct Action Claim**

*Asserted against ABC Insurance Companies only*

-205-

Defendant incorporates by reference each and every response set out in the foregoing paragraphs.

-206-

The allegations contained in Paragraph 206 are not directed at Defendant and do not require a response. To the extent a response is required, Defendant denies the allegations contained therein.

-207-

The allegations contained in Paragraph 207 are not directed at Defendant and do not require a response. To the extent a response is required, Defendant denies the allegations contained therein.

-208-

Defendant denies the allegations in Paragraph 208 of the Amended Complaint.

-209-

The allegations contained in Paragraph 209 of the Amended Complaint are not directed at Defendant and do not require a response. To the extent a response is required, Defendant denies the allegations contained therein.

-210-

The allegations contained in Paragraph 210 of the Amended Complaint are not directed at Defendant and do not require a response. To the extent a response is required, Defendant denies the allegations contained therein.

-211-

The allegations contained in Paragraph 211 of the Amended Complaint are not directed at Defendant and do not require a response. To the extent a response is required, Defendant denies the allegations contained therein.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

-212-

Defendant denies it is liable to Plaintiff or that Plaintiff is entitled to any of the prayed-for relief in Paragraph 212 of the Amended Complaint.

**AND NOW, HAVING ANSWERED PLAINTIFF'S AMENDED COMPLAINT,** Defendant asserts the following affirmative defenses:

Any allegation not specifically admitted is deemed denied.

## FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendant pleads all applicable statute of limitations.

**THIRD DEFENSE**

Defendant acted in good faith at all relevant times and has not violated any rights of plaintiff secured by federal, state, local laws, rules, regulations or guidelines or by common law.

**FOURTH DEFENSE**

All actions with respect to Plaintiff's employment were lawful, non-discriminatory, and non-retaliatory, and would have been taken regardless of Plaintiff's sex/gender or alleged complaints about her employment.

**FIFTH DEFENSE**

Plaintiff has failed to mitigate her damages.

**SIXTH DEFENSE**

Any disparity between Plaintiff's rate of pay and the rate of pay of any male employed by Defendant was based on factors other than sex.

**SEVENTH DEFENSE**

To the extent Plaintiff claims that she suffered unlawful harassment or hostile environment due to a protected characteristic, Plaintiff failed to reasonably avail herself of the complaint procedures in place for reporting such conduct.

**EIGHTH DEFENSE**

To the extent Plaintiff claims that she suffered unlawful harassment or hostile environment due to a protected characteristic, those actions were not committed by or authorized by Defendant, its employees, or agents.

**NINTH DEFENSE**

To the extent Plaintiff claims that she suffered unlawful harassment or hostile environment due to a protected characteristic, Defendant took prompt remedial action with respect to such claims.

**TENTH DEFENSE**

Plaintiff failed to exhaust her administrative remedies.

**ELEVENTH DEFENSE**

Plaintiff's claims of unlawful employment action made pursuant to Title VII must be strictly confined to the scope of the EEOC charge upon which this action is predicated.

**TWELFTH DEFENSE**

Defendant denies any unlawful conduct with respect to Plaintiff.  Without admitting any wrongful conduct by Defendant or any of its employees, agents, or representatives, Plaintiff's claims and/or damages may be limited and/or barred by the after-acquired evidence.

**THIRTEENTH DEFENSE**

Assuming *arguendo,* that the alleged conduct of Defendant or any of its employees, agents, or representatives occurred, which is expressly denied, any such conduct would be contrary to Defendant's good-faith efforts to comply with federal and state law; therefore, Plaintiff is not entitled to punitive damages.

**FOURTEENTH DEFENSE**

Defendant denies any unlawful conduct with respect to Plaintiff.  Without admitting any wrongful conduct by Defendant or any of its employees, agent, or representatives, to the extent Plaintiff makes a claim for punitive damages, such demands violate Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and

under the pertinent provisions of the Constitution of the State of Louisiana; violate Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution; and violate Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the pertinent provisions of the Constitution of the State of Louisiana; and, therefore, any such demands fail to state a cause of action supporting the punitive damages claimed.

## FIFTEENTH DEFENSE

Defendant expressly reserves its right to amend this Answer, including its defenses, as discovery progresses, and to file any cross-claim or third-party demand it deems appropriate.

**WHEREFORE NOW, PREMISES CONSIDERED**, having answered and asserted affirmative defenses, Defendant denies that Plaintiff is entitled to any of the relief for which she prays or any relief whatsoever.  Defendant demands that Plaintiff's Amended Complaint be dismissed with all costs and attorneys' fees assessed against Plaintiff.

Dated: April 5, 2024.                     Respectfully submitted,

  _/s/ Andrew J. Bear_____
Andrew J. Baer (La. Bar #35638)
Andrew.Baer@jacksonlewis.com
Adrienne M. Wood (La. Bar # 38448)
Adrienne.Wood@jacksonlewis.com
**JACKSON LEWIS P.C.**
601 Poydras Street, Suite 1400
New Orleans, Louisiana 70130
Telephone:    (504) 208-1755
Facsimile:    (504) 208-1759

**COUNSEL FOR DEFENDANT,
PROGRESSIVE SERVICES INC.**