## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

**ALICIA RHOME**

    **PLAINTIFF,**

**VERSUS**

**PROGRESSIVE SERVICES, INC.,
TODD BRITTO, ABC INSURANCE
COMPANIES, AND DOE DEFENDANTS
1-10**

   **DEFENDANTS.**

**CIVIL ACTION NO. 23-05923**

**SECTION "A"
JUDGE JAY C. ZAINEY**

**MAG. DIV. (4)
MAGISTRATE JUDGE KAREN
WELLS ROBY**

### TODD BRITTO'S ANSWER AND AFFIRMATIVE DEFENSES

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Mr. Todd Britto ("Mr. Britto"), who without waiving, and expressly maintaining all defenses, objections, motions and arguments submits the instant Affirmative Defenses and Answer to the First Amended Complaint ("the Amended Complaint") filed by Alicia Rhome ("Plaintiff"). Mr. Britto denies each and every allegation contained in the Amended Complaint, except those which are expressly admitted, and further represents as follows and states as follows:

### AFFIRMATIVE DEFENSES

Mr. Britto asserts the following non-exclusive affirmative defenses to Plaintiff's Amended Complaint:

### FIRST AFFIRMATIVE DEFENSE:

The Amended Complaint fails to state a claim upon which relief can be granted, in whole or in part, against Mr. Britto.

**SECOND AFFIRMATIVE DEFENSE:**

Plaintiff's claims are barred, in whole or in part, by prescription, peremption, statute of limitations, or other applicable law.

**THIRD AFFIRMATIVE DEFENSE:**

Plaintiff's claims are barred, in whole or in part, by the doctrines of *laches*, waiver, justification, ratification, confirmation, novation, compromise, receipt and release, *res judicata*, accord and satisfaction, recoupment, set-off, and/or equitable estoppel.

**FOURTH AFFIRMATIVE DEFENSE:**

Plaintiff is not entitled to recover any alleged damages (which alleged damages are expressly denied), if any, because such damages are uncertain, contingent, and/or speculative.

**FIFTH AFFIRMATIVE DEFENSE:**

At all times pertinent hereto, Mr. Britto acted in good faith and in a reasonable manner.

**SIXTH AFFIRMATIVE DEFENSE:**

Mr. Britto denies any contractual or other legal duty to Plaintiff in the absence of a contractual agreement between Plaintiff and Mr. Britto and further denies that he breached any alleged contractual or other legal duties to Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE:**

To the extent Mr. Britto may have owed any obligations, quasi-obligations, or duties at law, by contract or by equity (which alleged obligations or duties are expressly denied), Mr. Britto fully satisfied and honored those obligations and duties.

**EIGHTH AFFIRMATIVE DEFENSE:**

Mr. Britto affirmatively pleads the defense of good faith.

## NINTH AFFIRMATIVE DEFENSE:

Mr. Britto expressly denies that Plaintiff sustained any injury or damages for which Mr. Britto is responsible. Plaintiff's alleged damages (if any) (which alleged damages are expressly denied), were caused by the negligence and/or fault of other parties for which Mr. Britto is not responsible.

## TENTH AFFIRMATIVE DEFENSE:

Any actual damages or injuries of Plaintiff, which Mr. Britto expressly denies, were not caused by Mr. Britto.

## ELEVENTH AFFIRMATIVE DEFENSE:

The claims sued upon herein did not result from the fault, negligence, or lack of care of Mr. Britto, or from the fault, negligence, or lack of care of any person, firm, or corporation for whose actions Mr. Britto might be held liable.

## TWELFTH AFFIRMATIVE DEFENSE:

In the event that discovery reveals evidence that the fault of a third party or third parties was a cause-in-fact of Plaintiff's damages, Mr. Britto specifically pleads the fault and/or negligence of such third party or third parties, for whom Mr. Britto was not responsible, which fault and/or negligence was a substantial cause-in-fact of Plaintiff's alleged injuries and damages, and should operate to completely bar recovery herein or, alternatively, to reduce recovery on a comparative fault basis. Mr. Britto denies any allegations of solidary liability.

## THIRTEENTH AFFIRMATIVE DEFENSE:

Mr. Britto is entitled to an offset and/or credit and/or reduction of damages for any fault attributable to any other party or person or entity not a party to these proceedings which caused or contributed to Plaintiff's alleged damages.

PD.44737895.1

**FOURTEENTH AFFIRMATIVE DEFENSE:**

Mr. Britto expressly denies that he is liable to Plaintiff for her alleged damages. However, to the extent that liability may be imposed, Mr. Britto is entitled to a credit and/or offset for any amounts paid to Plaintiff by any person and/or entity for the damages or losses sued upon herein, including but not limited to any amounts paid by any parties through settlement. Furthermore, if Plaintiff has settled or should settle with any other party, Mr. Britto is released from all liability or is entitled to a credit for the virile share of liability of that party attributable to any and all settling defendants. Mr. Britto further pleads the extinguishment of the obligation created through the release or discharge of solidary obligors.

**FIFTEENTH AFFIRMATIVE DEFENSE:**

Plaintiff's alleged damages, the fact and extent of which Mr. Britto denies, are barred, in whole or in part, to the extent that Plaintiff failed to mitigate, minimize, or avoid her alleged injuries and damages.

**SIXTEENTH AFFIRMATIVE DEFENSE:**

Mr. Britto specifically pleads that Plaintiff is not entitled to recover consequential damages, attorney's fees, expert fees, and/or other litigation costs.

**SEVENTEENTH AFFIRMATIVE DEFENSE:**

Mr. Britto affirmatively avers that any equitable and/or monetary award which Plaintiff may receive cannot exceed any limitations, if any, imposed by applicable statutes, statutory law, regulations, rules and/or decisional law.

PD.44737895.1

**EIGHTEENTH AFFIRMATIVE DEFENSE:**

Plaintiff's alleged damages, the fact and extent of which Mr. Britto denies, were proximately caused by intervening, superseding, and/or supervening acts or events for which Mr. Britto has no responsibility.

**NINETEENTH AFFIRMATIVE DEFENSE:**

Mr. Britto affirmatively avers that should any of Plaintiff's claims against Mr. Britto be found frivolous, unreasonable or groundless, to have been brought in bad faith, or it is determined by the Court that Mr. Britto's alleged acts or practices were not in violation of the law, Mr. Britto may be entitled to recovery of reasonable damages, under applicable law, incurred in the defense of such claims, including but not limited to, reasonable attorneys' fees and other costs.

**TWENTIETH AFFIRMATIVE DEFENSE:**

Mr. Britto did not commit the wrongs alleged.

**TWENTY-FIRST AFFIRMATIVE DEFENSE:**

Mr. Britto states that any acts and/or omissions on the part of Mr. Britto were not the cause-in-fact or proximate cause of Plaintiff's alleged injuries.

**TWENTY-SECOND AFFIRMATIVE DEFENSE:**

Mr. Britto acted with reasonable care at all material times.

**TWENTY-THIRD AFFIRMATIVE DEFENSE:**

Mr. Britto avers that he cannot be held liable to Plaintiff under any theory of liability.

PD.44737895.1

**TWENTY-FOURTH AFFIRMATIVE DEFENSE:**

Plaintiff's claims against Mr. Britto (to the extent that any are properly alleged) are barred to the extent Plaintiff failed to satisfy all conditions precedent of statutory prerequisites under applicable law, as well as under relevant jurisprudence.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE:**

Mr. Britto asserts the affirmative defense of "unclean hands" and that Plaintiff is bringing the instant cause of action without basis and to improperly legally harass him through frivolous and baseless allegations.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE:**

Plaintiff has suffered no loss, injury, or damage as a result of any acts or omissions alleged in the Amended Complaint for which the law would afford Plaintiff a remedy against Mr. Britto.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE:**

Mr. Britto affirmatively pleads freedom from fault.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE:**

Plaintiff's claims fail pursuant to the fact that Plaintiff may have waived her rights to recovery against Mr. Britto.

**TWENTY-NINTH AFFIRMATIVE DEFENSE:**

Mr. Britto expressly reserves the right to file and assert any other defense or assert further affirmative defenses that are or may become available or appear during subsequent proceedings in this action, or as may be established through discovery and/or by the evidence in this case. Mr. Britto further reserves the right to amend this answer to assert such defenses upon discovery of further information regarding Plaintiff's purported claims.

## **ANSWER**

All allegations in the Amended Complaint are denied unless specifically admitted herein.

1.

The allegations contained in Paragraph 1 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 1 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein. Mr. Britto denies that Plaintiff was sexually harassed by him.

2.

The allegations contained in Paragraph 2 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 2 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph 3 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 3 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 4 of the Amended Complaint pertaining to Mr. Britto are denied. The remaining allegations contained in Paragraph 4 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 4 of the Amended Complaint are denied. Mr. Britto expressly denies that he verbally or physically sexually harassed Plaintiff.

7

5.

The allegations contained in Paragraph 5 of the Amended Complaint are denied. Mr. Britto expressly denies that he verbally or physically sexually harassed Plaintiff.

6.

The allegations contained in Paragraph 6 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 6 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein. Mr. Britto expressly denies that he verbally or physically sexually harassed Plaintiff.

7.

The allegations contained in Paragraph 7 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 7 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph 8 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 8 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph 9 of the Amended Complaint apparently pertaining to Mr. Britto are denied. The remaining allegations contained in Paragraph 9 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr.

PD.44737895.1

Britto. To the extent a response is required, the allegations in Paragraph 9 of the Amended Complaint are denied.

10.

The allegations contained in Paragraph 10 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 10 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph 11 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 11 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

12.

Mr. Britto admits that Plaintiff filed the instant litigation but denies any liability.

13.

The allegations contained in Paragraph 13 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 13 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraph 14 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 14 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

PD.44737895.1

15.

Mr. Britto admits that he is a person the full age of majority and that he was employed by Progressive Services, Inc. out of its New Orleans office from approximately May 2022 to June 2023.

16.

The allegations contained in Paragraph 16 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 16 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

17.

The allegations contained in Paragraph 17 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 17 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

18.

The allegation contained in Paragraph 18 of the Amended Complaint is denied as it purports to state a legal conclusion, and therefore does not require a response from Mr. Britto. Mr. Britto does not dispute that venue is proper in the Eastern District of Louisiana.

19.

The allegation contained in Paragraph 19 of the Amended Complaint is denied as it purports to state a legal conclusion, and therefore does not require a response from Mr. Britto. Mr. Britto does not dispute that the Eastern District of Louisiana may exercise personal jurisdiction over him with respect to this case.

PD.44737895.1

20.

The allegation contained in Paragraph 20 of the Amended Complaint is denied as it purports to state a legal conclusion, and therefore does not require a response from Mr. Britto. Mr. Britto does not dispute that this Court has subject matter jurisdiction over Plaintiffs' Equal Pay Act claim.

21.

The allegations contained in Paragraph 21 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. The allegations in Paragraph 21 of the Amended Complaint also purport to state a legal conclusion about the exhaustion of Ms. Rhome's administrative remedies and therefore do not require a response. To the extent a response is required, the allegations in Paragraph 21 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

22.

The allegations in Paragraph 22 of the Amended Complaint purport to state a legal conclusion about the requirement to exhaust administrative remedies for an Equal Pay Act claim and therefore do not require a response. To the extent a response is required, the allegations in Paragraph 22 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

23.

Mr. Britto repeats and incorporates by reference each and every defense, admission, and denial made to all other paragraphs of this Answer and Affirmative Defenses as if fully set forth here.

PD.44737895.1

24.

The allegations contained in Paragraph 24 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 24 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

25.

The allegations contained in Paragraph 25 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 25 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

26.

The allegations contained in Paragraph 26 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 26 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

27.

The allegations contained in Paragraph 27 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 27 of the Amended Complaint are denied for lack of sufficient information to form a belief therein and/or are denied as written.

28.

The allegations contained in Paragraph 28 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 28 of the Amended Complaint are denied as written.

PD.44737895.1

Further, the allegations in Paragraph 28 of the Amended Complaint refer to an alleged statement of Stanley Waterhouse, the contents of which speak for itself. Mr. Britto denies that Exhibit B is a true and accurate copy of a sworn statement of Stanley Waterhouse.

29.

The allegations contained in Paragraph 29 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 29 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

30.

The allegations contained in Paragraph 30 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 30 of the Amended Complaint are denied as written. Further, the allegations in Paragraph 30 of the Amended Complaint refer to an alleged statement of Wallace Washington, the contents of which speak for itself. Mr. Britto denies that Exhibit A is a true and accurate copy of a sworn statement of Wallace Washington.

31.

The allegations contained in Paragraph 31 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 31 of the Amended Complaint are denied as written. Further, the allegations in Paragraph 31 of the Amended Complaint refer to an alleged statement of Stanley Waterhouse, the contents of which speak for itself. Mr. Britto denies that Exhibit B is a true and accurate copy of a sworn statement of Stanley Waterhouse.

PD.44737895.1

32.

The allegations in Paragraph 32 of the Amended Complaint are expressly denied. Mr. Britto denies that he sexually harassed Ms. Rhome.

33.

Mr. Britto admits that he first interacted with Ms. Rhome in or around July 2022 while working on a project at the LSU Women's Hospital.

34.

The allegations contained in Paragraph 34 of the Amended Complaint are denied.

35.

The allegations contained in Paragraph 35 of the Amended Complaint are denied.

36.

The allegations contained in Paragraph 36 of the Amended Complaint are expressly denied.

37.

The allegations contained in Paragraph 37 of the Amended Complaint are denied as written. Mr. Britto maintains that he was a crew member at the start of the Folgers project but was promoted to "quality control."

38.

The allegations contained in Paragraph 38 of the Amended Complaint are expressly denied.

39.

The allegations contained in Paragraph 39 of the Amended Complaint are expressly denied. Further, the allegations in Paragraph 39 of the Amended Complaint refer to an alleged

14

statement of Wallace Washington, the contents of which speak for itself. Mr. Britto denies that Exhibit A is a true and accurate copy of a sworn statement of Wallace Washington.

40.

The allegations contained in Paragraph 40 of the Amended Complaint are expressly denied. Further, the allegations in Paragraph 40 of the Amended Complaint refer to an alleged statement of Wallace Washington, the contents of which speak for itself and are hearsay. Mr. Britto denies that Exhibit A is a true and accurate copy of a sworn statement of Wallace Washington.

41.

To the extent the allegations in Paragraph 41 of the Amended Complaint pertain to Mr. Britto, the allegations are denied. The remaining allegations contained in Paragraph 41 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 41 of the Amended Complaint that do not pertain to Mr. Britto are denied for lack for sufficient information to form a belief therein. Further, the allegations in Paragraph 41 of the Amended Complaint refer to an alleged statement of Stanley Waterhouse, the contents of which speak for itself and are hearsay. Mr. Britto denies that Exhibit B is a true and accurate copy of a sworn statement of Stanley Waterhouse.

42.

The allegations contained in Paragraph 42 of the Amended Complaint, to the extent they pertain to Mr. Britto, are expressly denied. Moreover, the allegations contained in Paragraph 42 of the Amended Complaint that do not pertain to Mr. Britto, do not require a response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 42 of the Amended Complaint that do not pertain to Mr. Britto are denied. Further, the allegations in Paragraph 42 of

15

the Amended Complaint refer to an alleged statement of Stanley Waterhouse, the contents of which speak for itself. Mr. Britto denies that Exhibit B is a true and accurate copy of a sworn statement of Stanley Waterhouse.

43.

The allegations contained in Paragraph 43 of the Amended Complaint are expressly denied. Further, the allegations in Paragraph 43 of the Amended Complaint refer to an alleged statement of Stanley Waterhouse, the contents of which speak for itself. Mr. Britto denies that Exhibit B is a true and accurate copy of a sworn statement of Stanley Waterhouse.

44.

The allegations contained in Paragraph 44 of the Amended Complaint are expressly denied.

45.

The allegations contained in Paragraph 45 of the Amended Complaint are denied as written. Mr. Britto maintains that he did not work at the LSU Women's Hospital site and also maintains that there was no ladder to reach the "hospital roof." Mr. Britto expressly denies that he made any sexually explicit comments about Ms. Rhome and also expressly denies that he made such purported comments while watching her climb a ladder.

46.

The allegations contained in Paragraph 46 of the Amended Complaint are expressly denied.

47.

The allegations contained in Paragraph 47 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is

PD.44737895.1

required, the allegations in Paragraph 47 of the Amended Complaint are denied for lack of sufficient knowledge or information to form a belief therein.

48.

The allegations contained in Paragraph 48 of the Amended Complaint are expressly denied.

49.

The allegations contained in Paragraph 49 of the Amended Complaint are expressly denied.

50.

The allegations contained in Paragraph 50 of the Amended Complaint are expressly denied.

51.

The allegations contained in Paragraph 51 of the Amended Complaint are expressly denied.

52.

The allegations contained in Paragraph 52 of the Amended Complaint are expressly denied.

53.

The allegations contained in Paragraph 53 of the Amended Complaint are expressly denied.

54.

The allegations contained in Paragraph 54 of the Amended Complaint are expressly denied. Mr. Britto expressly denies that he ever verbally threatened Ms. Rhome.

55.

The allegations contained in Paragraph 55 of the Amended Complaint concerning the opinions of unidentified "others" who allegedly observed Mr. Britto and Ms. Rhome do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, Mr. Britto expressly denies that he made unwelcome sexual advances towards Ms. Rhome.

56.

The allegations contained in Paragraph 56 of the Amended Complaint are denied as written. Further, the allegations in Paragraph 56 of the Amended Complaint refer to an alleged statement of Wallace Washington, the contents of which speak for itself. Mr. Britto denies that Exhibit A is a true and accurate copy of a sworn statement of Wallace Washington.

57.

The allegations contained in Paragraph 57 of the Amended Complaint are denied. Further, the allegations in Paragraph 57 of the Amended Complaint refer to an alleged statement of Wallace Washington, the contents of which speak for itself and are hearsay. Mr. Britto denies that Exhibit A is a true and accurate copy of a sworn statement of Wallace Washington.

58.

The allegations in Paragraph 58 of the Amended Complaint are denied.

59.

The allegations contained in Paragraph 59 of the Amended Complaint concerning the alleged actions of Wallace, Butler, and Smith do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 59 of the Amended Complaint are denied.

PD.44737895.1

60.

The allegations in Paragraph 60 of the Amended Complaint are denied.

61.

The allegations contained in Paragraph 61 of the Amended Complaint are expressly denied. Mr. Britto denies that he physically or verbally harassed Ms. Rhome.

62.

The allegations contained in Paragraph 62 of the Amended are expressly denied.

63.

The allegations contained in Paragraph 63 of the Amended Complaint are expressly denied.

64.

The allegations contained in Paragraph 64 of the Amended Complaint are denied.

65.

The allegations contained in Paragraph 65 of the Amended Complaint are expressly denied. Mr. Britto denies that he physically or sexually harassed Ms. Rhome.

66.

The allegations contained in Paragraph 66 of the Amended Complaint are denied.

67.

The allegations contained in Paragraph 67 of the Amended Complaint are denied.

68.

The allegations contained in Paragraph 68 of the Amended Complaint that do not pertain to Mr. Britto require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 68 of the Amended Complaint are denied for lack of sufficient knowledge or information to form a belief therein. Mr. Britto lacks sufficient information to form

PD.44737895.1

a belief as to what Ms. Rhome might have told her supervisors. Mr. Britto denies that he physically or verbally harassed Ms. Rhome.

69.

The allegations contained in Paragraph 69 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 69 of the Amended Complaint are denied for lack of sufficient knowledge or information to form a belief therein. Mr. Britto lacks sufficient information to form a belief as to what Ms. Rhome might have told Butler or other supervisors.

70.

The allegations contained in Paragraph 70 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 70 of the Amended Complaint are denied for lack of sufficient knowledge or information to form a belief therein. Mr. Britto lacks sufficient information to form a belief as to what Ms. Rhome might have requested from others.

71.

The allegations contained in Paragraph 71 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the remaining allegations in Paragraph 71 of the Amended Complaint are denied for lack of sufficient knowledge or information to form a belief therein.

72.

The allegations contained in Paragraph 72 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 72 of the Amended Complaint are denied for lack of

PD.44737895.1

sufficient knowledge or information to form a belief therein. Mr. Britto lacks sufficient information to form a belief as to what Ms. Rhome might have told her supervisors.

73.

The allegations contained in Paragraph 73 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 73 of the Amended Complaint are denied for lack of sufficient knowledge or information to form a belief therein.

74.

The allegations contained in Paragraph 74 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 74 of the Amended Complaint are denied for lack of sufficient knowledge or information to form a belief therein.

75.

The allegations contained in Paragraph 75 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 75 of the Amended Complaint are denied for lack of sufficient knowledge or information to form a belief therein.

76.

The allegations contained in Paragraph 76 of the Amended Complaint are expressly denied. Mr. Britto expressly denies that he sexually harassed Ms. Rhome. Further, the allegations in Paragraph 76 of the Amended Complaint refer to an alleged statement of Stanley Waterhouse, the contents of which speak for itself and are hearsay. Mr. Britto denies that Exhibit B is a true and accurate copy of a sworn statement of Stanley Waterhouse.

77.

The allegations contained in Paragraph 77 of the Amended Complaint are expressly denied.

78.

The allegations contained in Paragraph 78 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 78 of the Amended Complaint are denied for lack of sufficient knowledge or information to form a belief therein.

79.

The allegations contained in Paragraph 79 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 79 of the Amended Complaint are denied for lack of sufficient knowledge or information to form a belief therein.

80.

The allegations contained in Paragraph 80 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 80 of the Amended Complaint are denied.

81.

The allegations contained in Paragraph 81 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 81 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

PD.44737895.1

82.

The allegations contained in Paragraph 82 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 82 of the Amended Complaint are denied.

83.

The allegations contained in Paragraph 83 of the Amended Complaint are denied.

84.

The allegations contained in Paragraph 84 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 84 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

85.

The allegations contained in Paragraph 85 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 85 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

86.

The allegations contained in Paragraph 86 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 86 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

87.

The allegations contained in Paragraph 87 of the Amended Complaint do not pertain to Mr. Britto and therefore require no response from Mr. Britto. To the extent a response is

PD.44737895.1

required, the allegations in Paragraph 87 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

88.

The allegations contained in Paragraph 88 of the Amended Complaint concerning the alleged things Ms. Rhome's co-workers told her about Mr. Britto do not require a response from Mr. Britto. To the extent a response is required, those allegations in Paragraph 88 of the Amended Complaint are denied for lack of sufficient information to form a belief therein. Further, the allegations in Paragraph 88 of the Amended Complaint are denied as they are hearsay. Mr. Britto expressly denies that he made sexual comments about Ms. Rhome while she was on paid leave and further denies that he spread a rumor that she had slept with multiple people on the crew.

89.

The allegations contained in Paragraph 89 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 89 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

90.

The allegations contained in Paragraph 90 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 90 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

91.

The allegations in Paragraph 91 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

24

92.

The allegations contained in Paragraph 92 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 92 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

93.

The allegations contained in Paragraph 93 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 93 of the Amended Complaint are denied as written.

94.

The allegations contained in Paragraph 94 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 94 of the Amended Complaint are denied.

95.

The allegations contained in Paragraph 95 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 95 of the Amended Complaint are denied as written. Further, the allegations in Paragraph 95 of the Amended Complaint refer to an alleged statement of Stanley Waterhouse, the contents of which speak for itself and are hearsay. Mr. Britto denies that Exhibit B is a true and accurate copy of a sworn statement of Stanley Waterhouse.

96.

Mr. Britto admits that he was relocated to a different Progressive location and remains employed by Progressive. The remaining allegations in Paragraph 96 do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the

allegations in Paragraph 96 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

97.

The allegations contained in Paragraph 97 of the Amended Complaint are denied.

98.

The allegations contained in Paragraph 98 of the Amended Complaint are denied. Mr. Britto denies that he harassed Ms. Rhome.

99.

The allegations contained in Paragraph 99 of the Amended Complaint pertaining to Ms. Rhome's actions are denied for lack of sufficient information to form a belief therein. Mr. Britto denies that he harassed Ms. Rhome.

100.

The allegations contained in Paragraph 100 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 100 of the Amended Complaint are denied for lack of sufficient information to form a belief therein. Mr. Britto denies that he harassed Ms. Rhome.

101.

The allegations contained in Paragraph 101 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 101 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

102.

The allegations contained in Paragraph 102 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is

26

required, the allegations in Paragraph 102 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

103.

The allegations contained in Paragraph 103 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 103 of the Amended Complaint are denied. Mr. Britto denies that Ms. Rhome was qualified for a supervisory position with Progressive. Further, the allegations in Paragraph 103 of the Amended Complaint refer to an alleged statement of Stanley Waterhouse, the contents of which speak for itself. Mr. Britto denies that Exhibit B is a true and accurate copy of a sworn statement of Stanley Waterhouse.

104.

The allegations contained in Paragraph 104 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 104 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

105.

The allegations contained in Paragraph 105 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 105 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

106.

The allegations contained in Paragraph 106 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 106 of the Amended Complaint are denied for

lack of sufficient information to form a belief therein. Further, the allegations in Paragraph 106 of the Amended Complaint refer to an alleged statement of Stanley Waterhouse, the contents of which speak for itself. Mr. Britto denies that Exhibit B is a true and accurate copy of a sworn statement of Stanley Waterhouse.

107.

The allegations contained in Paragraph 107 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 107 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

108.

The allegations contained in Paragraph 108 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 108 of the Amended Complaint are denied for lack of sufficient information to form a belief therein. Further, the allegations in Paragraph 108 of the Amended Complaint refer to an alleged statement of Stanley Waterhouse, the contents of which speak for itself. Mr. Britto denies that Exhibit B is a true and accurate copy of a sworn statement of Stanley Waterhouse.

109.

The allegations contained in Paragraph 109 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 109 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

PD.44737895.1

110.

The allegations contained in Paragraph 110 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 110 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

111.

The allegations contained in Paragraph 111 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 111 of the Amended Complaint are denied for lack of sufficient information to form a belief therein. Further, the allegations in Paragraph 111 of the Amended Complaint refer to an alleged statement of Stanley Waterhouse, the contents of which speak for itself. Mr. Britto denies that Exhibit B is a true and accurate copy of a sworn statement of Stanley Waterhouse.

112.

The allegations contained in Paragraph 112 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 112 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

113.

To the extent the allegations in Paragraph 113 of the Amended Complaint pertain to Mr. Britto, the allegations are denied. The remaining allegations contained in Paragraph 113 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 113 of the Amended Complaint are denied.

114.

The allegations contained in Paragraph 114 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 114 of the Amended Complaint are denied.

115.

Mr. Britto repeats and incorporates by reference each and every defense, admission, and denial made to all other paragraphs of this Answer and Affirmative Defenses as if fully set forth here.

116.

The allegations contained in Paragraph 116 of the Amended Complaint under Count One (which does not assert claims against Mr. Britto) purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 116 of the Amended Complaint are denied.

117.

The allegations contained in Paragraph 117 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 117 of the Amended Complaint are denied.

118.

The allegations contained in Paragraph 118 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 118 of the Amended Complaint are denied.

119.

The allegations contained in Paragraph 119 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is

30

required, Mr. Britto admits that Ms. Rhome is female. Mr. Britto expressly denies that she was subjected to repeated unwelcome harassment.

120.

The allegations contained in Paragraph 120 of the Amended Complaint are expressly denied. Mr. Britto denies that he verbally or physically harassed Ms. Rhome.

121.

The allegations contained in Paragraph 121 of the Amended Complaint are expressly denied. Mr. Britto denies that he verbally or physically harassed Ms. Rhome.

122.

The allegations contained in Paragraph 122 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 122 of the Amended Complaint are denied. Mr. Britto denies that he verbally or physically harassed Ms. Rhome.

123.

The allegations contained in Paragraph 123 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 123 of the Amended Complaint are denied. Mr. Britto denies that he verbally or physically harassed Ms. Rhome.

124.

The allegations contained in Paragraph 124 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 124 of the Amended Complaint are denied for lack of sufficient information to form a belief therein. Mr. Britto denies that he verbally or physically harassed Ms. Rhome.

PD.44737895.1

125.

The allegations contained in Paragraph 125 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 125 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

126.

The allegations contained in Paragraph 126 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 126 of the Amended Complaint are expressly denied. Mr. Britto expressly denies that he told Ms. Rhome she had to "give him some."

127.

The allegations contained in Paragraph 127 of the Amended Complaint are denied and/or denied for lack of sufficient information to form a belief therein. Mr. Britto denies that he made "harassment demands" on Ms. Rhome.

128.

The allegations contained in Paragraph 128 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 128 of the Amended Complaint are denied. MR. Britto denies that he sexually harassed Ms. Rhome.

129.

The allegations contained in Paragraph 129 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 129 of the Amended Complaint are denied.

PD.44737895.1

130.

The allegations contained in Paragraph 130 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 130 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

131.

The allegations contained in Paragraph 113 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 113 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

132.

The allegations contained in Paragraph 132 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 132 of the Amended Complaint are denied. Mr. Britto denies that he harassed Ms. Rhome.

133.

The allegations contained in Paragraph 133 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 133 of the Amended Complaint are denied.

134.

The allegations contained in Paragraph 134 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. The allegations in Paragraph 134 of the Amended Complaint also do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained

33

in Paragraph 134 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

135.

The allegations contained in Paragraph 135 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 135 of the Amended Complaint are denied. Mr. Britto denies that he sexually harassed Ms. Rhome.

136.

Mr. Britto repeats and incorporates by reference each and every defense, admission, and denial made to all other paragraphs of this Answer and Affirmative Defenses as if fully set forth here.

137.

The allegations contained in Paragraph 137 of the Amended Complaint under Count Two (which does not assert claims against Mr. Britto) purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 137 of the Amended Complaint are denied.

138.

The allegations contained in Paragraph 138 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 138 of the Amended Complaint are denied.

139.

The allegations contained in Paragraph 139 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is

34

required, the allegations in Paragraph 139 of the Amended Complaint are denied and/or are denied for lack of sufficient information to form a belief therein.

140.

The allegations contained in Paragraph 140 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 140 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

141.

The allegations contained in Paragraph 141 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 141 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

142.

The allegations contained in Paragraph 142 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. The allegations contained in Paragraph 142 of the Amended Complaint also purport to state a legal conclusion and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 142 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

143.

The allegations contained in Paragraph 143 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 143 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

35

144.

The allegations contained in Paragraph 144 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. The allegations in Paragraph 144 of the Amended Complaint also purport to state a legal conclusion and therefore do not require a response. To the extent a response is required, the allegations contained in Paragraph 144 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

145.

The allegations contained in Paragraph 145 of the Amended Complaint are denied.

146.

The allegations contained in Paragraph 146 of the Amended Complaint are denied.

147.

The allegations contained in Paragraph 147 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 147 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

148.

The allegations contained in Paragraph 148 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 148 of the Amended Complaint are denied for lack of sufficient information to form a belief therein. Mr. Britto denies that he sexually harassed Ms. Rhome.

149.

The allegations contained in Paragraph 149 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 149 of the Amended Complaint are denied.

150.

The allegations contained in Paragraph 150 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 150 of the Amended Complaint are denied.

151.

Mr. Britto repeats and incorporates by reference each and every defense, admission, and denial made to all other paragraphs of this Answer and Affirmative Defenses as if fully set forth here.

152.

The allegations contained in Paragraph 152 of the Amended Complaint under Count Three (which does not assert claims against Mr. Britto) purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 152 of the Amended Complaint are denied.

153.

The allegations contained in Paragraph 153 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 153 of the Amended Complaint are denied.

PD.44737895.1

154.

The allegations contained in Paragraph 154 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 154 of the Amended Complaint are denied.

155.

The allegations contained in Paragraph 155 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 155 of the Amended Complaint are denied.

156.

The allegations contained in Paragraph 156 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 156 of the Amended Complaint are denied.

157.

The allegations contained in Paragraph 157 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 157 of the Amended Complaint are denied.

158.

The allegations contained in Paragraph 158 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 158 of the Amended Complaint are denied.

159.

The allegations contained in Paragraph 159 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent the

allegations contained in Paragraph 159 of the Amended Complaint pertain to Mr. Britto, the allegations in Paragraph 159 of the Amended Complaint are denied.

160.

The allegations contained in Paragraph 160 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent the allegations contained in Paragraph 160 of the Amended Complaint pertain to Mr. Britto, the allegations contained in Paragraph 160 of the Amended Complaint are denied.

161.

The allegations contained in Paragraph 161 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 161 of the Amended Complaint are denied.

162.

Mr. Britto repeats and incorporates by reference each and every defense, admission, and denial made to all other paragraphs of this Answer and Affirmative Defenses as if fully set forth here.

163.

The allegations contained in Paragraph 163 of the Amended Complaint under Count Four (which does not assert claims against Mr. Britto) purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 163 of the Amended Complaint are denied.

164.

The allegations contained in Paragraph 164 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent the

39

allegations contained in Paragraph 164 of the Amended Complaint pertain to Mr. Britto, the allegations contained in Paragraph 164 of the Amended Complaint are denied.

165.

The allegations contained in Paragraph 165 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 165 of the Amended Complaint are denied.

166.

Mr. Britto repeats and incorporates by reference each and every defense, admission, and denial made to all other paragraphs of this Answer and Affirmative Defenses as if fully set forth here.

167.

The allegations contained in Paragraph 167 of the Amended Complaint under Count Five (which has been voluntarily dismissed with prejudice against Mr. Britto) purport to state legal conclusions under the LHRA and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 167 of the Amended Complaint are denied.

168.

The allegations contained in Paragraph 168 of the Amended Complaint purport to state legal conclusions under the LHRA, which such claim against Mr. Britto has been voluntarily dismissed with prejudice and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 168 of the Amended Complaint are denied. Mr. Britto denies that he sexually harassed Ms. Rhome.

169.

The allegations contained in Paragraph 169 of the Amended Complaint that pertain to Mr. Britto are denied. The remaining allegations in Paragraph 169 of the Amended Complaint

40

are denied for lack of sufficient information to form a belief therein. Mr. Britto denies that he sexually harassed Ms. Rhome.

170.

The allegations contained in Paragraph 170 of the Amended Complaint purport to state legal conclusions under the LHRA, which such claim against Mr. Britto has been voluntarily dismissed with prejudice and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 170 of the Amended Complaint are denied.

171.

The allegations contained in Paragraph 171 of the Amended Complaint pertaining to Mr. Britto are denied. Mr. Britto denies that he engaged in any conspiracy. Plaintiff's claim against Mr. Britto under the LHRA has been voluntarily dismissed with prejudice.

172.

The allegations contained in Paragraph 172 of the Amended Complaint purport to state legal conclusions under the LHRA, which such claim against Mr. Britto has been voluntarily dismissed with prejudice and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 172 of the Amended Complaint are denied.

173.

Mr. Britto repeats and incorporates by reference each and every defense, admission, and denial made to all other paragraphs of this Answer and Affirmative Defenses as if fully set forth here.

174.

The allegations contained in Paragraph 174 of the Amended Complaint under Count Six (which does not assert claims against Mr. Britto) purport to state legal conclusions and,

41

therefore, require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 174 of the Amended Complaint are denied.

175.

The allegations contained in Paragraph 175 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 175 of the Amended Complaint are denied.

176.

The allegations contained in Paragraph 176 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 176 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

177.

The allegations contained in Paragraph 177 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 177 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

178.

The allegations contained in Paragraph 178 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 178 of the Amended Complaint are denied.

179.

The allegations contained in Paragraph 179 of the Amended Complaint pertaining to Mr. Britto are denied and/or denied for lack of sufficient information to form a belief therein as to the alleged other male counterparts.

42

180.

The allegations contained in Paragraph 180 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 180 of the Amended Complaint are denied.

181.

The allegations contained in Paragraph 181 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 181 of the Amended Complaint are denied.

182.

The allegations contained in Paragraph 182 of the Amended Complaint, including subparts (a) through (e), do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 182, including subparts (a) through (e), of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

183.

The allegations contained in Paragraph 183 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 183 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

184.

The allegations contained in Paragraph 184 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 184 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

PD.44737895.1

185.

The allegations contained in Paragraph 185 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 185 of the Amended Complaint are denied.

186.

The allegations contained in Paragraph 186 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 186 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

187.

The allegations contained in Paragraph 187 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. The allegations contained in Paragraph 187 of the Amended Complaint also do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 187 of the Amended Complaint are denied.

188.

The allegations contained in Paragraph 188 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 188 of the Amended Complaint are denied.

189.

Mr. Britto repeats and incorporates by reference each and every defense, admission, and denial made to all other paragraphs of this Answer and Affirmative Defenses as if fully set forth here.

PD.44737895.1

190.

The allegations contained in Paragraph 190 of the Amended Complaint under Count Seven (which does not assert claims against Mr. Britto) purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 190 of the Amended Complaint are denied.

191.

The allegations contained in Paragraph 190 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 190 of the Amended Complaint are denied.

192.

The allegations contained in Paragraph 192 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 192 of the Amended Complaint are denied.

193.

Mr. Britto repeats and incorporates by reference each and every defense, admission, and denial made to all other paragraphs of this Answer and Affirmative Defenses as if fully set forth here.

194.

The allegations contained in Paragraph 194 of the Amended Complaint are expressly denied.

195.

The allegations contained in Paragraph 195 of the Amended Complaint are expressly denied.

196.

The allegations contained in Paragraph 196 of the Amended Complaint are expressly denied.

197.

The allegations contained in Paragraph 197 of the Amended Complaint are expressly denied.

198.

The allegations contained in Paragraph 198 of the Amended Complaint that pertain to Mr. Britto are denied.

199.

Mr. Britto repeats and incorporates by reference each and every defense, admission, and denial made to all other paragraphs of this Answer and Affirmative Defenses as if fully set forth here.

200.

The allegations contained in Paragraph 200 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 200 of the Amended Complaint are denied.

201.

The allegations contained in Paragraph 201 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 201 of the Amended Complaint are denied. Mr. Britto expressly denies that he committed sexual assault against Ms. Rhome in the workplace or elsewhere.

46

202.

The allegations contained in Paragraph 202 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. To the extent a response is required, the allegations in Paragraph 202 of the Amended Complaint are denied.

203.

The allegations contained in Paragraph 203 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 203 of the Amended Complaint are denied for lack of sufficient information to form a belief therein. Mr. Britto expressly denies that he sexually harassed or assaulted Ms. Rhome.

204.

The allegations contained in Paragraph 204 of the Amended Complaint that pertain to Mr. Britto are denied. Mr. Britto expressly denies that he harassed Ms. Rhome.

205.

Mr. Britto repeats and incorporates by reference each and every defense, admission, and denial made to all other paragraphs of this Answer and Affirmative Defenses as if fully set forth here.

206.

The allegations contained in Paragraph 206 of the Amended Complaint under Count Ten (which does not assert claims against Mr. Britto) do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 206 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

207.

The allegations contained in Paragraph 207 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 207 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

208.

The allegations contained in Paragraph 208 of the Amended Complaint are expressly denied.

209.

The allegations contained in Paragraph 209 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 209 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

210.

The allegations contained in Paragraph 210 of the Amended Complaint do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 210 of the Amended Complaint are denied for lack of sufficient information to form a belief therein.

211.

The allegations contained in Paragraph 211 of the Amended Complaint purport to state legal conclusions and, therefore, require no response from Mr. Britto. The allegations contained in Paragraph 211 of the Amended Complaint also do not pertain to Mr. Britto and therefore do not require a response from Mr. Britto. To the extent a response is required, the allegations contained in Paragraph 211 of the Amended Complaint are denied.

PD.44737895.1

212.

All of the allegations contained in Paragraph 212 of the Amended Complaint, including all subparts are expressly denied, and Mr. Britto denies that Plaintiff is entitled to any damages, relief, or judgment in connection with any of the claims or demands asserted in the First Amended Complaint.

**WHEREFORE**, Defendant Todd Britto, prays that his Affirmative Defenses and Answer be deemed good and sufficient, that his Affirmative Defenses and Answer be maintained, and that after due proceedings are had, there be judgment rendered herein entirely in favor of Mr. Britto and against Plaintiff, dismissing all claims asserted against Mr. Britto with prejudice, and that the First Amended Complaint be dismissed with prejudice, at all costs to Plaintiff. Mr. Britto also requests he be awarded costs, attorneys' fees, and any other legal, equitable, or general relief that this Court may deem just and appropriate.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:      */s/ M. Nan Alessandra*
     M. NAN ALESSANDRA, T.A. (#16783)
     CLERC H. COOPER (#38170)
     365 Canal Street • Suite 2000
     New Orleans, Louisiana 70130
     Telephone: (504) 566-1311
     Telecopier: (504) 568-9130
     nan.alessandra@phelps.com
     clerc.cooper@phelps.com

**ATTORNEYS FOR DEFENDANT, TODD BRITTO**

PD.44737895.1